52 CCPA

**Application of Herman PALMER.
Patent Appeal No. 7391.**

United States Court of Customs and Patent Appeals.

May 6, 1965.

Sylvester H. Hartz, St. Louis, Mo., Emory C. Naylor, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals, adhered to on rehearing, affirming the examiner's rejection of claims 10 and 14–21 of application serial No. 17,736, filed March 24, 1960, for "Apparatus for Boring Metal Plates." Claims 1 and 2 stand allowed.

Appellant's invention is a multiple-spindle boring machine for simultaneously boring a plurality of holes in a workpiece with a high degree of accuracy with respect to both hole diameters and finished hole locations. It is particularly adapted to the boring of holes in metal plates used in all types of instruments for mounting a plurality of gear shafts and the like, two plates being mounted in parallel with their holes aligned for that purpose. Such boring machines have been extensively used by Eclipse-Pioneer Division of The Bendix Corporation, appellant's assignee.

The subject matter sought to be patented may be further understood from a typical claim:[1]

"17. A precision multi-spindle boring device for simultaneously boring a plurality of holes in a metal plate to tolerances of $-$ .0001 on

$$+ .0002$$

diameters and $-$ .0000 on hole locations, comprising a boring head hav-

---

1. The two allowed claims contain additional elements pertaining to structure for lubricating parts of the boring heads, not involved in any of the appealed claims.

ing locating elements and provided with spindle apertures dimensioned from the locating elements in accordance with the metal plate to be bored, rotating spindles, bearing means mounted in the apertures in the boring head and including a ball bearing at one end of the aperture and a bushing at the other end of the aperture fully imbedding the spindles and mounting the spindles for rotation therein, boring tools mounted on the spindles with their cutting portions positioned closely adjacent to the bushings to avoid deflection of the boring tools during a boring operation, a motor, flexible driving connections between the motor and spindles, and an indexable shuttle block for mounting the metal plate and having locating elements cooperating with the locating elements on the boring head for accurately positioning the metal plate with respect to the boring head for simultaneously boring a plurality of holes in the metal plate to the foregoing tolerances."

The references relied on for rejection are:

| | | |
|---|---|---|
| Eden | 1,159,196 | Nov. 2, 1915 |
| Buhr | 2,068,594 | Jan. 19, 1937 |
| Cole | 2,139,403 | Dec. 6, 1938 |
| Hartnett et al. | 2,396,370 | Mar. 12, 1946 |
| Sirp | 2,432,633 | Dec. 16, 1947 |
| Jackson | 2,780,467 | Feb. 5, 1957 |

Mark's Mechanical Engineers' Handbook, Fifth Edition, 1951. Published by McGraw-Hill Book Company. TJ151.M37 1951, pages 1778–1779.

———◆———

The rejection of all appealed claims except 10, 15, and 18 was predicated on Eden in view of Hartnett and Sirp, the board additionally relying on Mark's handbook. Appellant attempts to make much of the fact that Eden and Hartnett are drilling machines and that it is not possible to attain the degree of accuracy he desires with a drill, boring (as distinguished from drilling) being required for such accuracy. The references make it clear that the machine-tool art recognized the greater accuracy of boring long prior to appellant's invention. Sirp shows a multiple-spindle boring machine. We agree with the examiner and the board that it would be obvious to substitute boring for drilling wherever the greater accuracy of the former was required.

We have given full consideration to all of appellant's arguments and to the affidavits relied on to show the advantages of using his machines but we feel obliged to agree with the conclusion as stated in the solicitor's brief:

"Claims 14, 16, 17, 19, 20, and 21 set forth no more than an obvious bringing together of known or obvious precision increasing devices in the hole-cutting art to achieve expected precision sizing and location of holes. Those claims are therefore clearly unpatentable."

Claim 10 adds to the features of the other claims the use of a track and rail arrangement whereby the shuttle block which carries the work is moved from one boring machine to another and positioned thereunder. In rejecting this claim the Cole reference was additionally relied on. We agree that, as stated by the solicitor, "nothing more than the bringing together of various old or obvious precision-increasing means and work-handling means for obvious purposes is involved."

Claim 15 differs from other claims in reciting "an adjustable eccentric boring bar." The Jackson reference was added in rejecting it because it discloses an adjustable eccentric boring bar. We agree with the Patent Office that this claim covers only obvious subject matter.

Claim 18 differs in adding "adjustable means for preloading the spindles," another expedient for increasing accuracy. Such means in the bearing arrangements for multiple-spindle drilling and tapping units is shown in Buhr and if it is greater accuracy that is desired, we see nothing unobvious in applying the same well-known expedient in a spindle bearing in a multi-spindle boring device.

Appellant has filed three affidavits the import of which is that by equipping his assignee's plant with batteries of his boring machines and work-piece handling arrangements for the purpose of making millions of plates containing multiple holes it has been possible to dispense with highly skilled labor in the production of the plates, reduce the rejection rate over plates wherein the holes were drilled one at a time, spectacularly reduce the cost of plates so made, and at the same time achieve the degree of accuracy set forth in the claim above quoted. We have no doubt of these facts but they do not appear to us to be persuasive of a contrary holding on the question of the obviousness, to one skilled in the art, of assembling known features of the machine tool art to achieve these results. Surely great mechanical skill was exercised in setting up the production machines to achieve mass production with great accuracy, even with relatively unskilled labor on the production line, but that has become the order of the day. We believe that the mere application of mechanical skill, according to the teachings of the references, was all that was involved. The rejection of the claims under 35 U.S.C. § 103 was justified.

The decision of the board is affirmed.

Affirmed.